IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CEDRIC SANCHEZ RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 319-013 |
| | ) |
| RODNEY McCLOUD; | ) |
| BARBARA GRANT; | ) |
| SERGEANT WATTS; | ) |
| COUNSELOR WHITT; and | ) |
| CHIEF COUNSELOR STUART, | ) |
| | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    BACKGROUND**

Plaintiff names the following Defendants: (1) Rodney McCloud, Deputy Warden at TSP; (2) Barbara Grant, Unit Manager at TSP; (3) Sergeant Watts, Building Sergeant at TSP; (4) Counselor Stuart, Chief Counselor at TSP; and (5) Mrs. Whitt, Counselor at TSP. (See doc. no. 14, pp. 1-4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 26, 2018, members of the Blood Gang in Unit C1 at TSP put a knife to Plaintiff's throat and robbed him of his legal materials and other personal property. (Doc. no. 14, pp. 4-5.) After they robbed Plaintiff, the gang members escorted Plaintiff to his cell door and threatened Plaintiff if he reported the robbery. (Id. at 15.) Plaintiff reported the robbery to the floor officer, who called Defendants Watts and Grant. (Id.) Upon their arrival, Plaintiff asked the two Defendants to get his property back, but Defendant Grant told Plaintiff he should have fought back against the robbers, and he would not be getting any of his property back. (Id.) Plaintiff was then escorted to Unit E1. (Id.)

Plaintiff filed a grievance, but it was denied as untimely. (Id. at 7, 12.) Once he received his grievance response, Plaintiff tried to talk with Defendants Stuart and Whitt about an appeal, but neither Defendant helped him with the paperwork. (Id.) Plaintiff nevertheless "appealed several times," but he never heard anything. (Id. at 7, 16.) "Therefore, Plaintiff thought it best to file civil suit." (Id. at 16.)

Plaintiff alleges Defendant McCloud created a policy of allowing staff to ignore robberies by fellow inmates. (Id.) Under this policy, Defendants Grant and Watts ignored Plaintiff's complaint about losing his property in a robbery. (Id. at 16-17.) Defendant Stuart was deliberately indifferent for enforcing the time limit on filing a grievance but requiring a prisoner to obtain the grievance paperwork from his assigned counselor. (Id. at 17.) Defendant Whitt was deliberately indifferent by failing to make sure Plaintiff's appeal was processed. (Id.)

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and the replacement of all his personal property that was stolen. (Id. at 18.)

## II.  DISCUSSION

### A.  Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly,

3

550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Fails to State a Claim Upon Which Relief May Be Granted

Although Plaintiff concedes his grievance was denied as untimely, the Court is aware Plaintiff previously asserted his original grievance was timely filed but improperly delayed by prison officials. (Doc. no. 10-1, pp. 1-6.) Because, as described below, Plaintiff fails to state a claim upon which relief can be granted, the Court recognizes but declines to address the exhaustion requirement of the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(a).

#### 1. Plaintiff Fails to State a Claim for Loss of Personal Property

Plaintiff's claims regarding loss of his personal property fail to state a federal claim for relief. The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim against any Defendant for the loss of any personal property.

4

### 2. Plaintiff Fails to State a Claim Regarding Processing His Grievance

Plaintiff also claims his rights were violated because various Defendants did not properly process his original grievance and/or the appeal. Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim that a Defendant mishandled Plaintiff's grievance or subsequent appeal fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

### 3. Plaintiff Fails to State an Equal Protection Claim

Plaintiff repeatedly alleges Defendants' actions violated "the equal protection of the laws," but he offers no details in support of an equal protection claim. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001); see also Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation).

Plaintiff does not meet these criteria. Plaintiff does not allege that he is similarly situated with other prisoners who received more favorable treatment or that any alleged discriminatory treatment was based on some constitutionally protected interest. Accordingly, Plaintiff fails to state a viable equal protection claim.

### 4. Plaintiff Fails to State an Eighth Amendment Deliberate Indifference Claim

Plaintiff also mentions in passing he "wasn't treated for injury" after the robbery. (Doc. no. 14, p. 5.) The allegation fails to state a deliberate indifference claim. To state such a claim, Plaintiff must allege that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Plaintiff has not alleged he had an objectively serious medical need. He does not say he was physically injured. At best, he says the robbers drew knives on him to force his compliance in the robbery. (Doc. no. 14, p. 5.) He does not say he had any visible injuries when Defendants Grant and Watts arrived on the scene after the robbery, let alone allege either Defendant was subjectively aware of a serious medical need but refused Plaintiff any treatment.

### 5. Plaintiff Fails to State a Claim Against Defendant McCloud Based on his Supervisory Position as a Deputy Warden

Plaintiff also fails to state a claim against Defendant McLoud. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior.* See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant McCloud liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name Deputy Warden McCloud as a Defendant not because of any direct involvement in the events about which he complains, but by virtue of his supervisory position at TSP. (See generally doc. no. 14.)

Likewise, Plaintiff must allege a causal connection between Defendant McCloud and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged

7

constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection between Defendant McCloud and any alleged constitutional violations. First, as discussed above, there is no actionable, underlying constitutional violation as to any claim Plaintiff attempts to raise and thus no basis for *respondeat superior* liability on any claim. See Dang v. Sheriff, Seminole Cty., Fla., 871 F.3d 1272, 1283 (11th Cir. 2017). Second, Plaintiff has made no showing of (1) a history of widespread abuse, (2) an improper custom or policy put in place by Defendant McCloud, or (3) an inference Defendant McCloud directed prison employees to act, or knew they would act, unlawfully. At best, Plaintiff alleges Defendant McCloud is "legally responsible" for the operation of TSP and the welfare of the inmates housed there. (Doc. no. 14, p. 13.) The allegation of creating a "custom or policy" of allowing staff to ignore prisoner complaints is of no help to Plaintiff because he provides no details of any such custom or policy. A complaint

8

is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" See Iqbal, 556 U.S. at 678.

In sum, Plaintiff has not shown Defendant McCloud actually participated in the alleged constitutional violations; nor has he drawn the necessary causal connection to any alleged constitutional violations.

### 6. Official Capacity Monetary Damages

Plaintiff states he is suing Defendants in their individual and official capacities. However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of March, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA